UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

REINALDO MORALES, JR.,

        Plaintiff,                       Case No. 1:10-cv-558

v.                                             Honorable Robert Holmes Bell

CHERYL WILSON et al.,

        Defendants.
_____/

## ORDER

This is a civil rights action brought by a federal prisoner pursuant to 42 U.S.C. § 1983. On August 3, 2010, the Court entered an order and judgment dismissing Plaintiff's complaint for lack of prosecution because Plaintiff had failed to comply with this Court's deficiency order (docket #2). The deficiency order required Plaintiff to pay the $350.00 civil action filing fee or to file the documents as required by 28 U.S.C. § 1915(a)(2) to apply to proceed *in forma pauperis*. Plaintiff has now filed a motion to alter or amend judgment (docket #10), a motion and memorandum for reconsideration (docket ##11, 12), and a motion for judicial notice (docket #13).

        I.        **Motion to Alter or Amend Judgment**

Plaintiff argues in his motion to alter or amend judgment (docket #10) that the Court's August 3, 2010 judgment was entered in error. Plaintiff's motion to alter or amend is timely under Federal Rules of Civil Procedure 59(e). As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening

change in controlling law, or to prevent manifest injustice. *See also ACLU v. McCreary County*, No. 08-6069, slip op. at 15 (6th Cir. June 9, 2010). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp.*, 178 F.3d at 834; *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); CHARLES A. WRIGHT, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 127-28 (1995).

Plaintiff does not allege that there was a clear error of law, newly discovered evidence, or an intervening change in controlling law as to why he could not comply with the Court's deficiency order. The deficiency order required Plaintiff to file a certified copy of his trust account statement for the 6 months immediately preceding the filing of his action and an affidavit of indigence. Plaintiff argues that he previously filed a motion for leave to proceed *in forma pauperis* and copies of his account statements on two occasions. The Court, however, has never received Plaintiff's motion for leave to proceed *in forma pauperis* or his account statements. Plaintiff suggests that the prison may have lost his filings or they could have been lost by the United States Postal Service. While Plaintiff has now attached account statements to his current filings, the account statements still do not comply with the Court's deficiency order (docket #2). Plaintiff's account statements are not certified. In addition, while they include information regarding the requisite 6 months of deposits, they include information about only two months of withdrawals. (*See* Ex. A to Mot., Page ID ##72, 73, docket #13.) Furthermore, Plaintiff has not yet filed the affidavit of indigence. Because Plaintiff still has not complied with this Court's deficiency order, the Court finds no basis to alter or amend the July 31, 2010 judgment.

II. **Motion for Reconsideration**

Plaintiff has filed a motion and memorandum to reconsider (docket ##11, 12) the order dismissing Plaintiff's case. Because Plaintiff is appealing a final order, this Court will construe Plaintiff's motion as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). In his motion, Plaintiff argues for leniency as this is his first civil action that he has filed. He further states that he never received a copy of this Court's *in forma pauperis* form. Therefore, he could only submit his prison account statements. Plaintiff's motion does not provide any basis for reconsideration. The Court is not required to provide Plaintiff with an *in forma pauperis* form. Plaintiff was fully advised of the information required by the Court, but he failed to provide it. Thus, there is no reason to reconsider the order and judgment of dismissal.

III. **Motion for Judicial Notice**

In his motion for judicial notice (docket #13), Plaintiff requests that the Court take judicial notice of a previously filed *in forma pauperis* affidavit and his account statements. The Court never received an *in forma pauperis* affidavit from Plaintiff. As for Plaintiff's account statements, the Court reviewed the account statements but they still did not comply with the June 15, 2010 deficiency order. As a result, Plaintiff's request for judicial notice will be denied. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend judgment (docket #10) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (docket #11), construed as a motion to alter or amend judgment, is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for judicial notice (docket #13) is **DENIED**.



Dated:  August 31, 2010                                   /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE